UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 11-cv-02583-REB-MEH

WADE A. WILLIAMS,

    Plaintiff,

v.

RICHARD J. BOUDREAU & ASSOCIATES, LLC

    Defendant.

---

## RESPONSE TO PLAINTIFF'S COMPLAINT

Defendant, Richard J. Boudreau & Associates, LLC, through its attorneys, respectfully answers the Complaint as follows:

### PRELIMINARY STATEMENT

1. With respect to the allegations contained in paragraph 1 of Plaintiff's Complaint, the Defendant neither admits nor denies the statement.

### JURISDICTION AND VENUE

2. With respect to the allegations contained in paragraph 2 of Plaintiff's Complaint, Defendant states that jurisdiction as alleged based solely on the allegations of the Complaint is accurate, Defendant denies any wrongdoing.

3. With respect to the allegation contained in paragraph 3 of Plaintiff's Complaint, the Defendant states that upon information and belief, the Plaintiff resides here, but specifically denies that any acts or transactions giving rise to a claim having occurred.

4. With respect to the allegation contained in paragraph 4 of Plaintiff's Complaint, the Defendant denies the allegation.

5. With respect to the allegation contained in paragraph 5 of Plaintiff's Complaint, Defendant admits that Plaintiff is a natural person, but is without sufficient information or knowledge to admit or deny the remaining allegations contained therein.

6. With respect to the allegation contained in paragraph 6 of Plaintiff's Complaint, the Defendant denies the allegation.

7. With respect to the allegation contained in paragraph 7 of Plaintiff's Complaint, the Defendant denies the allegation.

8. Plaintiff's Complaint is improperly numbered; it does not include a number 8, contains two paragraphs 14; two paragraphs 15; two paragraphs 16; and two paragraphs 17.

## RESPONSES TO ALLEGATIONS

9. With respect to the allegation contained in paragraph 9 of Plaintiff's Complaint, the Defendant has insufficient information or knowledge to either admit or deny the allegation and therefore denies the same.

10. With respect to the allegations contained in paragraph 10 of Plaintiff's Complaint, the Defendant has insufficient information or knowledge to either admit or deny the allegations and therefore denies the same.

11. With respect to the allegations contained in paragraph 11 of Plaintiff's Complaint, the Defendant denies the allegations.

12. With respect to the allegations contained in paragraph 12 of Plaintiff's Complaint, the Defendant denies the allegations.

13. With respect to the allegations contained in paragraph 13 of Plaintiff's Complaint, the Defendant denies the allegations.

### COUNT I
### VIOLATIONS OF FAIR DEBT COLLECTION
### PRACTICES ACT (FDCPA), 15 U.S.C. §1692

14. With respect to the allegations contained in paragraph 14 of Plaintiff's Complaint, the Defendant incorporates all of its responses above and its affirmative defenses set further herein.

15. With respect to the allegation contained in paragraph 15 of Plaintiff's Complaint, the Defendant has insufficient information or knowledge to either admit or deny the allegation and therefore denies the same.

16. With respect to the allegation contained in paragraph 16 of Plaintiff's Complaint the Defendant admits the allegation.

17. With respect to the allegations contained in paragraph 17 of Plaintiff's Complaint, the Defendant denies the same.

(a) With respect to the allegations contained in paragraph 17 (a) of Plaintiff's Complaint, the Defendant denies the same.

(b) With respect to the allegations contained in paragraph 17 (b) of Plaintiff's Complaint, the Defendant denies the same.

(c) With respect to the allegations contained in paragraph 17 (c) of Plaintiff's Complaint, the Defendant denies the same.

## COUNT II
## VIOLATIONS OF COLORADO FAIR DEBT COLLECTION PRACTICES ACT (CFDCPA), COLORADO REVISED STATUTE TITLE 12, ARTICLE 14, SECTION 101, et seq. (12-14-101)

14. Plaintiff's Complaint is improperly numbered; Count II repeats numbers 14-17. With respect to the allegations contained in paragraph 14 (sic) of Plaintiff's Complaint, the Defendant incorporates all of its responses above and its affirmative defenses set further herein.

15. With respect to the allegation contained in paragraph 15 (sic) of Plaintiff's Complaint, the Defendant has insufficient information or knowledge to either admit or deny the allegation and therefore denies the same.

16. With respect to the allegation contained in paragraph 16 (sic) of Plaintiff's Complaint, the Defendant denies the allegation.

17. With respect to the allegations contained in paragraph 17 (sic) of Plaintiff's Complaint, the Defendant denies the same.

(a) With respect to the allegations contained in paragraph 17 (a) of Plaintiff's Complaint, the Defendant denies the same.

(b) With respect to the allegations contained in paragraph 17 (b) of Plaintiff's Complaint, the Defendant denies the same.

(c) With respect to the allegations contained in paragraph 17 (c) of Plaintiff's Complaint, the Defendant denies the same.

(d) With respect to the allegations contained in paragraph 17 (d) of Plaintiff's Complaint, the Defendant denies the same.

(e) With respect to the allegations contained in paragraph 17 (e) of Plaintiff's Complaint, the Defendant denies the same.

18. Defendant denies each and every allegation of Plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a claim upon which relief may be granted.

2. Plaintiff has failed to mitigate his damages, if any.

3. The communication upon which Plaintiff seeks relief is not in violation of the Fair Debt Collection Practices Act.

4. Plaintiff's damages, if any, are barred because any violation of the Fair Debt Collection Practices Act was not intentional or grossly negligent and the violation, if any, resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

5. Plaintiff's claims may be barred by the applicable statute of limitations.

6. Some of Plaintiff's claimed damages are barred as speculative.

7. Some or all of Plaintiff's damages may have been caused or contributed to by others for whom this Defendant has no responsibility.

8. Defendant's alleged actions and/or omissions were not the cause of Plaintiff's alleged economic and emotional injuries.

9. Plaintiff's claims are barred by the doctrine of unclean hands.

10. Defendant reserves the right to amend this Answer to include such other affirmative defenses as may be supported by evidence or law.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, or, in the alternative, that judgment be entered thereon in its favor and against the Plaintiff and that Defendant be awarded its costs, expert witness fees, discovery expense, attorney fees, and such other relief as the Court deems proper.

Respectfully submitted this 9th day of December, 2011.

/s/ Walter N. Houghtaling
Walter N. Houghtaling
Jennifer L. Ward
McConnell Fleischner Houghtaling, LLC
4700 S. Syracuse St., Suite 200
Denver, CO 80202
Phone: (303) 480-0400
Fax: (303) 458-9520

Attorneys for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of December, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following via e-mail:

Wade A. Williams
13843 Fairfax Street
Thornton, CO 80602

/s/ Ramona Cruz
Ramona Cruz